UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| CHRISTOPHER H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:20-cv-1463-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## <u>INTRODUCTION</u>

Plaintiff Christopher H. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act, and his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 16).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 13, 14. Plaintiff also filed a reply brief. *See* ECF No. 15. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 13) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 14) is **GRANTED**.

## <u>BACKGROUND</u>

Plaintiff protectively filed his DIB application on July 20, 2017, and his SSI application on June 21, 2017, alleging disability beginning January 1, 2016, which was later amended to April 10, 2016 (the disability onset date). Transcript ("Tr.") 12, 137-46. In both applications, Plaintiff

alleged disability due to lower back pain. Tr. 137-46, 162. The claims were denied initially on October 24, 2017, after which Plaintiff requested a hearing. Tr. 12. On June 4, 2019, Administrative Law Judge Paul Georger (the "ALJ") conducted a hearing in Buffalo, New York. Tr. 12, 28-55. Plaintiff appeared and testified at the hearing and was represented by Nicholas DiVirgilio, an attorney. Tr. 12. Rachel A. Duchon, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on September 4, 2019, finding that Plaintiff was not disabled. Tr. 12-22. On August 11, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's September 4, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.     The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his September 4, 2019 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant has not engaged in substantial gainful activity since April 10, 2016, the amended onset date (20 CFR 404.1571 et seq., and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the left foot and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[1] CFR 404.1567(a) and 416.967(a) except can never climb ramps and stairs, never climb ladders, ropes or scaffolds; never balance; occasionally stoop and never kneel, crouch or crawl.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 16, 1985 and was 30 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

---

[1] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 10, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 12-21.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on July 20, 2017, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 21. The ALJ also determined that based on the application for supplemental security benefits protectively filed on June 21, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 21.

## **ANALYSIS**

Plaintiff asserts two points of error. Plaintiff first argues that the ALJ did not properly consider the opinion of treating physician Peter McQuiller. M.D. ("Dr. McQuiller") and did not provide sufficient rationale for finding the opinion only partially persuasive. *See* ECF No. 13-1 at 1, 10-13. Next, Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective complaints. *See id*. at 13-16.

In response, the Commissioner argues that the ALJ properly considered Dr. McQuiller's opinion in accordance with the applicable regulations. *See* ECF No. 14-1 at 11-18. Furthermore, argues the Commissioner, in evaluating Plaintiff's RFC for a reduced range of sedentary work, the ALJ considered the totality of the evidence in the record and reasonably found that Plaintiff's claims of disabling pain and limitations were not fully supported. *See id*. at 18-21. Accordingly, argues the Commissioner, substantial evidence of record, including Plaintiff's robust activities of daily living, the medical evidence showing mild diagnostic findings, and the medical opinions

assessing that Plaintiff could engage in light level work, support the ALJ's RFC finding. *See id.*at 11-21.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ thoroughly considered the medical and other evidence of record and reasonably found that that Plaintiff's impairments were not so limiting as to preclude all work. The ALJ's finding was supported by the prior administrative findings and opinions of record, two of which essentially found that Plaintiff could perform work at the light exertional level; diagnostic studies showing, at most, mild findings; and Plaintiff's ability to engage in a variety of activities of daily living. The ALJ acknowledged that the record contained some positive clinical findings but based on the evidence in the record before him, he reasonably concluded that Plaintiff was capable of performing sedentary work with some limitations.

As noted above, Plaintiff challenges the ALJ's RFC analysis and the overall conclusion that Plaintiff was not disabled. A claimant's RFC is the most he can still do despite his limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. §

404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole);

*Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.).

Furthermore, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Effective for claims filed on or after March 27, 2017, the Social Security Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Plaintiff filed his applications on July 20, 2017 (Title II) and June 21, 2017 (Title XVI), and therefore, the 2017 regulations are applicable to his claim.

First, the new regulations change how ALJs consider medical opinions and prior administrative findings.  The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. Rather, the new regulations instruct that, for claims filed on or after March 27, 2017, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017).

Second, instead of assigning weight to medical opinions, as was required under the prior regulations, under the new rubric, the ALJ considers the persuasiveness of a medical opinion (or a prior administrative medical finding). *Id*. The source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. § 416.920c(b)(2). Rather, the most important factors are supportability and consistency.  *Id*.

Third, not only do the new regulations alter the definition of a medical opinion and the way medical opinions are considered, but they also alter the way the ALJ discusses them in the text of the decision. 20 C.F.R. § 416.920c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he or she considered each factor. *Id*. Instead, when articulating his or her finding about whether an opinion is persuasive, the ALJ need only explain how he or she considered the "most important factors" of supportability and consistency. *Id*. Further, where a medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source; rather, the ALJ need only provide a "single analysis." *Id*.

Fourth, the regulations governing claims filed on or after March 27, 2017 deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c)(1)-(3) (2017). The regulations also make clear that, for claims filed on or after March 27, 2017, "we will not provide any analysis about how we considered such evidence in our determination or decision" 20 C.F.R. § 416.920b(c).

Finally, Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for the nature and extent of the proofs

and evidence" required to establish the right to benefits under the Act. 42 U.S.C. § 405(a); *see also* 42 U.S.C. § 1383(d)(1) (making the provisions of 42 U.S.C. § 405(a) applicable to title XVI); 42 U.S.C. § 902(a)(5) ("The Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration."); *Barnhart v. Walton*, 535 U.S. 212. 217-25 (2002) (deferring to the Commissioner's "considerable authority" to interpret the Act); *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Judicial review of regulations promulgated pursuant to 42 U.S.C. § 405(a) is narrow and limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *Brown v. Yuckert*, 482 U.S. 137, 145 (1987) (citing *Heckler v. Campbell*, 461 U.S. at 466).

Contrary to Plaintiff's contentions, the ALJ properly analyzed the opinion evidence and the other evidence of record when developing Plaintiff's RFC, and substantial evidence supports the ALJ's determination that Plaintiff's musculoskeletal problems did not prevent him from performing a limited range of sedentary work. Tr. 16-20. *See* 20 C.F.R. §§ 404.1527, 416.927.

Plaintiff first argues that the ALJ failed to properly evaluate the opinion of treating physician Dr. McQuiller and did not provide sufficient rationale regarding why he found the opinion only partially persuasive. *See* ECF No. 13-1 at 9-13. In a Physical Residual Functional Questionnaire dated May 31, 2019, Dr. McQuiller diagnosed Plaintiff with chronic low back pain. Tr. 364. Clinical findings and objective signs included tenderness to the lumbar region on palpation and positive straight leg raises ("SLR") of both legs. *Id*. Dr. McQuiller opined that Plaintiff could walk two-to-three city blocks without rest or severe pain; could sit for two hours at one time; stand for 15 minutes at one time; stand and walk for less than two hours in an eight-hour workday; and sit for two hours total in an eight-hour workday. Tr. 365. Dr. McQuiller also opined that Plaintiff

could lift and carry 10 pounds frequently and 20 pounds occasionally; frequently look down; turn his head; occasionally twist; rarely crouch/squat, and climb stairs, and could never stoop or climb ladders. Tr. 366-67. Dr. McQuiller further opined that Plaintiff would sometimes need to take unscheduled breaks during a workday and rest for 30 minutes before returning to work and needed to elevate his legs to hip level. *Id*.

Finally, although noting that Plaintiff was capable of light duty work that did not worsen his low back pain, Dr. McQuiller opined that Plaintiff's impairments would cause Plaintiff to be absent about four to five days a month and that he would not be able to sustain full time employment. *Compare* Tr. 365 (opining that Plaintiff was capable of "light duty" work as long as it did not pose a risk of injury to the lower body) *and* Tr. 367-38 (stating that Plaintiff would be absent 4-5 days per month and would be unable to sustain full-time employment at any exertional level).

The ALJ considered Dr. McQuiller's opinion and properly found it only partially persuasive based on the two most important factors of supportability and consistency. Tr. 20. The ALJ first noted that Dr. McQuiller's clinical findings and diagnoses (chronic low back pain, tenderness to the lumbar region and positive SLR tests) were consistent with the record which showed similar diagnoses and findings. Tr. 20, 364. *See* 20 C.F.R. §§ 404.1520b(c)(2), 416.920b(c)(2) (consistency) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be").

However, the ALJ reasonably found that many of Dr. McQuiller's suggested limitations, including Plaintiff's needing to be off-task for 30 minutes every hour, the need to elevate his legs

periodically, no stooping/climbing ladders, or being absent four-to-five days each month, exceeded the limitations supported by the medical evidence. Tr. 20, 365-67. *See* 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) (supportability) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). Thus, the ALJ appropriately followed the regulations in considering Dr. McQuiller's opinion.

Plaintiff's suggestion that Dr. McQuiller found positive findings and therefore, his opinion should have been adopted in its entirety (*see* ECF. 13-1 at 10-11) is meritless. Contrary to Plaintiff's assertion, the ALJ did not cherry-pick the record to find portions of Dr. McQuiller's opinion less persuasive. *See id*. The evidence Plaintiff cites to support his argument is not inconsistent with the ALJ's RFC finding for a range of sedentary work, as the ALJ acknowledged that Plaintiff had some positive findings and accordingly limited him to a range of sedentary work, the least demanding type of work. 20 C.F.R. §§ 404.1567(a), 416.967(a), Social Security Ruling ("SSR") 96-9p; *see also* 20 C.F.R. Pt. 404, Subpt. P., App's 2, Sec. 200.00(h)(4) ("'Sedentary work' represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations."). Furthermore, Dr. McQuiller opined that Plaintiff could work as long as it was light duty and did not involve work that could cause risk of injury to the lower back. Tr. 19-20, 365. Thus, this portion of Dr. McQuiller's opinion and the RFC finding are not inconsistent with the ALJ's RFC assessment for a limited range of sedentary work.

Moreover, the fact that Plaintiff cites to other evidence in support of his position is of no consequence under the highly deferential substantial evidence standard of review. Under the

substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record *could* support his position. Plaintiff must show that no reasonable fact finder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute its own judgment even if it might have reached a different conclusion).

As explained above, RFC is an administrative finding, not a medical one. Ultimately, an ALJ is tasked with weighing the evidence in the record and reaching an RFC finding based on the record as a whole. *See Tricarico v. Colvin*, 681 F. App'x 98, 101 (2d Cir. 2017) (citing *Matta*, 508 F. App'x at 56). The regulations explicitly state that the issue of RFC is "reserved to the Commissioner" because it is an "administrative finding that [is] dispositive of the case." 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ "will assess your residual functional capacity based on all of the relevant medical and other evidence," not just medical opinions. 20 C.F.R. § 404.1545(a); 20 C.F.R. §§ 404.1513(a)(1), (4), 416.913(a)(1), (4) (explaining that evidence that can be considered includes objective medical evidence, such as medical signs and laboratory findings; as well as evidence from nonmedical sources, including the claimant, such as from forms contained in the administrative record).

Thus, opinion evidence is only one type of evidence that an ALJ is required to consider. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e) ("we will assess the residual functional capacity based on all the relevant medical and other evidence in your case record"); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (explaining that the adjudicator will assess the RFC based on all the relevant evidence in the case record); 20 C.F.R. §§ 404.1513(a)(1),(4), 416.913(a)(1),(4) (explaining that

evidence that can be considered includes objective medical evidence, such as medical signs and laboratory findings; as well as evidence from nonmedical sources, including the claimant, such as from forms contained in the administrative record). *Matta*, 508 F. App'x at 56 ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Furthermore, it is the responsibility of the ALJ to resolve conflicts in the evidence and to weigh the evidence available to make an RFC finding that is consistent with the record as a whole. *See Corbiere v. Berryhill*, 760 F. App'x 54, 57 (2d Cir. 2019) (holding that the ALJ properly resolved conflicts in the medical evidence after considering the record in its entirety).

As the ALJ detailed throughout his decision, although the medical evidence showed some positive findings (for example, tenderness of the lumbar region and positive SLR tests), Plaintiff also had normal gait and stance, stable and non-tender joints, and full strength in the upper and lower extremities. Tr. 17-19. The ALJ also noted that in July 2017, Dr. McQuiller repeatedly noted that Plaintiff's low back pain was stable. Tr. 17-18, 283, 336, 352. Nevertheless, the ALJ found Dr. McQuiller's opinion partially persuasive as the doctor's remaining limitations were adequately accommodated by the RFC for sedentary work with additional postural limitations. Tr. 16, 20. *See Veino*, 312 F.3d at 588 (an ALJ may reject portions of a medical opinion not supported by and even contrary to the objective evidence of record while accepting those portions that are supported by substantial evidence).

In accordance with the regulations, the ALJ also properly considered Plaintiff's conservative treatment for his back pain. Tr. 17. *See Rivera v. Colvin*, 2015 WL 6142860, at *6 (W.D.N.Y. Oct. 19, 2015) ("[T]he ALJ was entitled to consider conservative treatment as one

factor in determining credibility") (citing *Netter v. Astrue*, 272 F. App'x 54, 56 (2d Cir. 2014)). As the ALJ observed, Dr. McQuiller noted that Plaintiff's low back pain was stable with current pain medications. Tr. 17, 283. Furthermore, Plaintiff testified that he had not undergone any surgery for his back, even though he had discussed it with doctors. Tr. 16, 40.

The ALJ also properly considered Plaintiff's activities of daily, noting that Plaintiff's claims of disabling symptoms and limitations were undermined by his daily activities and hobbies. Tr. 16. *See* 20 C.F.R. § 404.1529(c)(3)(i) (An ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole.); *see also Ewing v. Comm'r of Soc. Sec.*, No. 17-CV-68S, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms.") (citing 20 C.F.R. § 416.929(c)(3)(i)); *Poupore*, 566 F.3d at 307 (claimant's abilities to watch television, read, drive, and do household chores supported ALJ's finding that his testimony was not fully credible)). Specifically, the ALJ noted that Plaintiff endorsed ability to help with chores, cook, and grocery shop, albeit with breaks, and sometimes went to dinner or the movie theatre with friends and family. Tr. 16, 41-43. As such, the ALJ reasonably concluded that Plaintiff's wide range of activities undermined his claims of disabling physical limitations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p; *Poupore*, 566 F.3d at 307.

Plaintiff's last point challenging the ALJ's evaluation of his subjective complaints is similarly unavailing. *See* ECF No. 13-1 at 13-16. Analysis of a claimant's allegations must be understood in the contest of the RFC finding and all the evidence relevant to the RFC finding. *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a), 416.929(d)(4), 416.945(a). "When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations

into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the [reliability] of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Additionally, the district court's review of an ALJ's assessment regarding subjective complaints is "sharply limited." *Wright v. Berryhill*, 687 F. App'x 45, 49 (2d Cir. 2017). "It is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of the witnesses, including the claimant." *Aponte v. Sec'y Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quoting Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 642 (2d Cir. 1982)).

In evaluating Plaintiff's RFC for a reduced range of sedentary work, the ALJ reasonably evaluated Plaintiff's allegations and admissions. Tr. 19. As discussed above, the ALJ considered the totality of the evidence in the record and reasonably found that Plaintiff's claims of disabling pain and limitations were not fully supported. *Id.* The ALJ noted that Plaintiff's claims of totally disabling symptoms and limitations were inconsistent with the examination findings, including his normal gait and stance, full strength, stable and non-tender joints, and the generally mild diagnostic findings. As also discussed above, the ALJ considered Plaintiff's robust activities of daily living, as well as the medical opinions and prior administrative medical findings in the record. Tr. 17-20.

While Plaintiff points to his constant pain (*see* ECF No. 13-1 at 15), "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ." 42 U.S.C. § 423(d)(5)(A); *accord* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("Statements about [] pain or other symptoms will not alone establish that [a claimant is] disabled."). To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *See Prince v. Astrue*, 490 F. App'x 399, 400 (2d Cir. 2013) (quoting *Dumas*

*v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983)). Merely pointing out Plaintiff's symptoms without referencing correlating medical evidence is therefore insufficient to establish disability. In any event, the ALJ acknowledged that Plaintiff had symptoms from his conditions and limited him to a limited range of sedentary work. Tr. 16.

Plaintiff's arguments thus fail to show that any reasonable factfinder was compelled to assess greater limitations. *See Smith v. Berryhill*, 740 F. App'x 721 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."); *Poupore*, 566 F.3d at 306. Here, substantial evidence of record, including Plaintiff's robust activities of daily living, the medical evidence including mild diagnostic findings, and the opinions of record assessing that Plaintiff could engage in light level work, support the ALJ's RFC finding.

Ultimately, it is Plaintiff who bears the burden of demonstrating functional limitations that preclude performance of any substantial gainful activity. *See* 20 C.F.R. § 416.945(a)(3) (the claimant is responsible for providing the evidence used in the RFC determination); *see Poupore*, 566 F.3d at 305-06 (The burden is on Plaintiff to show that he cannot perform the RFC as found by the ALJ.). Plaintiff here failed to meet his burden of proving that no reasonable factfinder could have reached the ALJ's findings on this record.

As detailed above, substantial evidence in the record supports the ALJ's RFC finding. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. Feb. 15, 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). While Plaintiff may disagree with the ALJ's conclusion, Plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which she has failed to do. As previously noted, the substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous'

standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise." *Brault*, 683 F.3d at 448 (2d Cir. 2012) (emphasis in the original). As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

For all the reasons discussed above, the Court finds that the ALJ properly considered the evidence of record, including the medical opinion evidence, the treatment notes, and the objective findings, and the ALJ's findings are supported by substantial evidence. Accordingly, the Court finds no error.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE